IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


**MINNY MALLERY**,                                             No.6:25-cv-00887-AA

**OPINION AND ORDER**

Plaintiff,

v.

**PEACEHEALTH AT RIVERBEND,**

Defendant.

AIKEN, District Judge

This case come before the Court on a Motion to Modify Scheduling Order, ECF No. 41, and a Motion for Leave to File Amended Complaint, ECF No. 42, filed by Plaintiff Minny Mallery ("Plaintiff"). For the reasons below, the motions are DENIED.

**DISCUSSION**

Local Rule ("LR") 7-1(a)(1) requires that "[e]xcept for motions for temporary restraining orders, the first paragraph of every motion must certify that: (A) [i]n compliance with this Rule, the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or (B)

Page 1 – OPINION AND ORDER

[t]he opposing party willfully refused to confer; or (C) [t]he moving party or opposing party is a prisoner not represented by counsel." LR 7-1(a)(1). "The Court may deny any motion that fails to meet this certification requirement." LR 7-1(a)(3).

## I.     Motion to Modify Scheduling Order

Plaintiff asks the Court "to extend the fact discovery time lines and expert witness discovery deadlines by at least 8 months further out than currently scheduled." ECF No. 1 ¶ 4.

Plaintiff asserts in her motion that "[t]he Defendants' attorneys have stopped communicating with Plaintiff even with requests for conferrals" and "Plaintiff has been very diligent in attempting to confer with the Defendants, but they are unwilling or unable to mediate with Plaintiff even over modifying the scheduling order." ECF No. 41 ¶ 1, 3.

Defendant asserts that "Plaintiff's lone attempt to confer on the motion occurred in an email on May 25, 2026, at 4:06 a.m." Def. Repl., ECF No. 43, at 2. Additionally, Defendant says "[i]t should be noted that this correspondence occurred among 20 separate emails plaintiff sent to defendant's counsel on May 24, 2026, and May 25, 2026. Among these included threats of additional litigation [and] profanity[.]" *Id.* Defendant does not deny that Plaintiff might have made a phone call regarding conferral, but asserts that, if Plaintiff did call, she never left a voicemail. *Id.*

Defendant provided some of the emails from Plaintiff as exhibits. ECF No. 43-1. In one email, Plaintiff states "This is a conferral . . . [c]onsidered you conferred on

Page 2 – OPINION AND ORDER

peacehealth . . . you're [expletive] toast." ECF No. 43-1 at 6. Other emails also include profanity, and most of them are hard to understand.

Here, Plaintiff may have attempted to confer, but it is clear to the Court that such conferrals were not in good faith. Plaintiff claims she was "diligent," but the communications provided by Defendant paint an unflattering picture of Plaintiff's communications. Plaintiff is not an attorney, but she has chosen to represent herself, and with that comes reasonable standards of conduct both to this Court and to other parties and attorneys. If, in the future, Plaintiff cannot maintain a reasonable standard of conduct when communicating with Defendant, the Court will revisit this issue.

While the lack of conferral is grounds to deny this motion, Defendant does not oppose the motion. However, the Court is not willing to grant Plaintiff's open-ended request of "at least 8 months."

To resolve this, the Court denies the Motion and orders the parties to confer— in good faith—on a new proposed case schedule to be jointly submitted to the Court within 30 days. If the parties are unable to agree on a case schedule, each side may submit a proposal to the Court to include specific cut-off dates.

## II.    Motion for Leave to File Amended Complaint

Plaintiff's Motion for Leave to File Amended Complaint does not certify conferral or allege any conferral with Defendant as required under LR 7-1. That alone is grounds to deny the motion.

Page 3 – OPINION AND ORDER

But the motion has one other glaring defect: the Amended Complaint, ECF No. 42-1, seeks to add back a prior defendant, Eugene Emergency Rooms Physicians, PC ("EEP"). ECF No. 42-1 at 1 ("Minny Mallery . . . brings this complaint against . . . Eugene Emergency Physicians, P.C.")

Under Federal Rule of Civil Procedure 15(a), the Court should freely grant leave to file an amended complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court "'may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876. 892 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The court need not apply all five factors in each case, and not all factors merit equal weight. . . . Prejudice to the opposing party is the most important factor." *Jones v. Rojas*, No. 2:18-CV-00815-YY, 2021 WL 711471 at *2 (D. Or. Feb. 23, 2021), *report and recommendation adopted*, 2021 WL 1270456 (D. Or. Apr. 6, 2021) (internal quotations and citations omitted).

Plaintiff stipulated to the dismissal with prejudice of EEP, ECF No. 37, and the Court ordered the same, ECF No 38. That dismissal included the EMTALA claim Plaintiff seeks to reassert against EEP. ECF No. 42-1 at 9-10.  Therefore, Plaintiff's amended complaint is futile insofar as it alleges claims against EEP, and the motion must be DENIED.

Page 4 – OPINION AND ORDER

However, Plaintiff has not had an opportunity to amend her complaint, and the proposed amended complaint removes several claims from the original pleading while adding one new claim, as well as adding individual medical professionals as defendants. The Court grants Plaintiff leave to file an amended complaint within 30 days consistent with this opinion. The filing of an amended complaint will moot Defendant's Motion to Dismiss, ECF No. 21.

### CONCLUSION

For the reasons explained above, Plaintiff's Motion to Modify Scheduling Order is DENIED, and the parties are ORDERED to confer on a new case schedule to be submitted to the Court within 30 days.  Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 42, is DENIED with leave to file an amended complaint with 30 days consistent with this opinion.  Defendant's Motion to Dismiss, ECF No. 21 is MOOT, and Defendant shall have leave to renew said motion if Plaintiff fails to file an amended complaint within the allotted time.

It is so ORDERED and DATED this _____24th_____ day of June 2026

 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 5 – OPINION AND ORDER